UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:16-CV-00131-JHM

PREFERRED CARE OF DELAWARE, INC.                                      PLAINTIFFS
d/b/a PREFERRED CARE, INC., et al

v.

JEFFERY BLANKENSHIP                                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs Preferred Care of Delaware, Inc., Fordsville Health Facilities, L.P., Fordsville Health Facilities GP, LLC, Preferred Care Partners Management Group, L.P., PCPMG, LLC, and Kentucky Partners Management, LLC's (hereinafter "Plaintiffs") motions for expedited consideration of the enforceability of the alternative dispute resolution agreement and to compel arbitration [DN 2], and Defendant Jeffery Blankenship's motion to dismiss [DN 9]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

Jeffery Blankenship was a resident of Fordsville Nursing and Rehabilitation Center in Ohio County, Kentucky from July 8, 2015, until March 25, 2016, excluding periods of hospitalization. Prior to entering the facility, Blankenship executed an "Alternative Dispute Resolution Agreement" which would require the arbitration of "any and all disputes . . . in any way relating to this Agreement or to the Resident's stay at the Center . . . includ[ing]. . . negligence; gross negligence; malpractice . . . and any alleged departure from any applicable federal, state, or local medical, health care, consumer or safety standards." [DN 1–3, at 3]. The agreement states under the title in bold and capital letters that "signing this agreement is not a

condition of admission to or continued residence in the center," [DN 1–3, at 2], and the agreement later states in bold and all capital letters that "the parties understand, acknowledge, and agree that by entering into this agreement they are giving up their constitutional right to have their disputes decided by a court of law . . . your signature below indicates your understanding of and agreement to the terms set out above." [DN 1–3, at 5]. Blankenship's signature appears at the end of the agreement above the heading "Signature of Resident." [DN 1–3, at 6].

On September 30, 2016, Blankenship commenced an action in Ohio Circuit Court against each of the named Plaintiffs in the present action, as well as two administrators of the Fordsville Nursing and Rehabilitation Center, Eric Ross and Jeffrey Thompson, and five unknown Defendants identified as John Does 1 through 5. [DN 1-2]. In his complaint, Blankenship asserted claims of negligence, medical negligence, corporate negligence, and violations of long term care resident's rights by the Defendants in that action, all which allege that Blankenship "suffered physical and emotional injuries due to inadequate care, and his health and physical condition deteriorated beyond that caused by the normal aging process." (Def.'s Mot. to Dismiss [DN 9-1], at 1). This present action was then filed in this Court, with all of the named Defendants in the state court action as Plaintiffs with the exception of the two administrators and the unknown Defendants, and Blankenship as the Defendant. The Plaintiffs' complaint asks this Court to compel Blankenship to arbitrate all claims alleged in the state court action, to enjoin Blankenship from pursuing his state court action, and to stay any further proceedings until a decision from the arbitrator. [DN 1, at 8]. The Plaintiffs have filed a motion for expedited consideration of the enforceability of the Alternative Dispute Resolution Agreement and to compel arbitration, enjoin the defendant, and stay any further proceedings pending arbitration [DN 2], and Blankenship has filed a motion to dismiss the Plaintiffs' action. [DN 9].

## II. DISCUSSION

### A. MOTION TO DISMISS

The Court begins with Blankenship's motion to dismiss. The motion makes four arguments for dismissal: (1) under Fed. R. Civ. P. 12(b)(7) for failure to join a necessary or indispensable party under Fed. R. Civ. P. 19, as the two administrators who are not plaintiffs in this case are indispensable parties; (2) under Fed. R. Civ. P. 12(b)(1) for a lack of subject matter jurisdiction, as no actual diversity exists when the two administrators, both residents of Kentucky like Blankenship, are considered as plaintiffs; (3) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, as the alternative dispute resolution agreement is unconscionable and therefore unenforceable; and (4) under the *Colorado River* abstention doctrine due to the parallel proceeding in state court. These exact same arguments have been raised by defense counsel in other cases before this Court and others, and they have been denied by the courts in those cases. *See Owensboro Health Facilities, L.P. v. Henderson*, 2016 WL 2853569 (W.D. Ky. May 12, 2016); *GGNSC Louisville Hillcreek, LLC v. Watkins*, 2016 WL 815295 (W.D. Ky. Feb 29, 2016); *GGNSC Frankfort, LLC v. Tracy*, 2015 WL 1481149 (E.D. Ky. Mar. 31, 2015); *Sun Healthcare Group, Inc. v. Dowdy*, 2014 WL 790916 (W.D. Ky. Feb. 26, 2014). After considering the arguments of the parties and the case law set forth above, the Court adopts the reasons set forth by Judge David Hale in *GGNSC Louisville Hillcreek, LLC v. Watkins*, and the motion to dismiss is **DENIED**.

### B. MOTION TO COMPEL ARBITRATION

The Court now turns to the plaintiffs' motion to compel arbitration. The Alternative Dispute Resolution Agreement provides that the Kentucky Uniform Arbitration Act ("KUAA"), KRS 417.045 *et seq.*, shall govern, with secondary reliance on the Federal Arbitration Act

3

("FAA"), 9 U.S.C. §§ 1–16, if for any reason the KUAA "cannot support the enforcement of" the Agreement. [DN 1–3, at 3]. The Acts "are substantially similar," *Oldham v. Extendicare Homes, Inc.*, 2013 WL 1878937, at *2 (W.D. Ky. May 3, 2013), with both providing that written arbitration agreements shall be "valid, irrevocable, and enforceable, save upon such grounds as exist at law" or in equity "for the revocation of any contract," *see* 9 U.S.C. § 2; KRS 417.050. Further, the Acts serve the same purposes, *see Schnuerle v. Insight Commc'ns Co., L.P.*, 376 S.W.3d 561, 574 (Ky. 2012); *N. Fork Collieries, LLC v. Hall*, 322 S.W.3d 98, 102 (Ky. 2010) ("Both the KUAA and the Federal Arbitration Act require that arbitration agreements be enforced no less rigorously than other contract provisions."), and the KUAA is interpreted "consistent with the FAA." *Louisville Peterbilt, Inc. v. Cox*, 132 S.W.3d 850, 854–57 (Ky. 2004). As applicable to this case, there is no material difference between the FAA and the KUAA. *See Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306, 320 (Ky. 2015), *cert. granted sub nom Kindred Nursing Centers Ltd. P'ship v. Clark*, 2016 WL 3617216 (U.S. Oct. 28, 2016).

The Federal Arbitration Act states that, "[w]hen asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

> When considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714 (citing *Compuserve, Inc. v. Vigny Int'l Fin., Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)); *see also N. Fork Collieries*, 322 S.W.3d at 102 ("The task of the trial court confronted with" a motion to compel arbitration "is simply to decide under ordinary contract law whether the asserted arbitration agreement actually exists between the parties and, if so, whether it applies to the claim raised in the complaint. If an arbitration agreement is applicable, the motion to compel arbitration should be granted") (internal citations omitted).

In this case, Blankenship and the plaintiffs entered into an agreement to arbitrate [DN 1–3], a fact Blankenship does not dispute, and this agreement covers the exact type of claims Blankenship has asserted in his state court action. All of Blankenship's claims assert some form of negligent care or supervision by the Defendants or a failure to adhere to statutory standards of care, and the agreement explicitly requires arbitration for "any and all disputes . . . in any way relating to this Agreement or to the Resident's stay at the Center . . . includ[ing] . . . negligence; gross negligence; malpractice . . . and any alleged departure from any applicable federal, state, or local medical, health care, consumer or safety standards." [DN 1–3, at 3]. Further, there are no federal claims asserted that are precluded from arbitration, and all, rather than some, of Blankenship's claims are subject to arbitration. Therefore, the arbitration agreement will be enforced.

Blankenship's response to the plaintiffs' motion to compel arbitration merely restates the arguments made in his motion to dismiss as to the unconscionability of the arbitration agreement. [DN 10]. The Court has already considered and denied these arguments. Therefore, the motion to compel arbitration is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) The Plaintiffs' motion for expedited consideration of the enforceability of the Alternative Dispute Resolution Agreement [DN 2] is **GRANTED**.

(2) The Plaintiff's motion to compel arbitration and enjoin the defendant is **GRANTED**. Blankenship is **ENJOINED** from proceeding against the plaintiffs in the Ohio Circuit Court action until the conclusion of the ordered arbitration. The parties are **COMPELLED** to arbitrate all claims which are the subject of Blankenship's claims in Ohio Circuit Court. Counsel shall promptly inform the Ohio Circuit Court of this Memorandum Opinion and Order.

(3) This proceeding is **STAYED** until the conclusion of the ordered arbitration.

(4) The Defendant's motion to dismiss is **DENIED**.

*Joseph H. McKinley, Jr.* (signature)

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

December 12, 2016

cc: counsel of record